IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IMPLICIT, LLC<br><br>               Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP., CAPITAL ONE, NATIONAL ASSOCIATION<br><br>               Defendants. | Civil Action No. 4:23-cv-770<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"), for its Complaint against Defendant Capital One Financial Corp. and Defendant Capital One, National Association (referred to herein collectively as "Capital One" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Implicit is a limited liability company organized under the laws of the State of Washington with a place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Upon information and belief, Capital One Financial Corp. is a corporation organized under the laws of the State of Delaware with a place of business at 7933 Preston Road, Plano, TX 75024 in this District. Upon information and belief, Capital One Financial Corp. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial

district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4. Upon information and belief, Capital One, National Association is a corporation organized under the laws of the District of Columbia with a place of business at 7933 Preston Road, Plano, TX 75024 in this District.  Upon information and belief, Capital One, National Association sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8. This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because Defendants have a regular and established place of business in this district.  Defendants have business operations for at its Dallas office located at 7933 Preston Road, Plano, TX 75024.  (*See, e.g.*, https://www.capitalonecareers.com/dallas.)

## BACKGROUND

### The Invention

9. Edward Balassanian is the inventor of U.S. Patent Nos. 7,774,740 ("the '740 patent"), 8,056,075 ("the '075 patent"), and 6,976,248 ("the '248 patent") (collectively, "the patents"). True and correct copies of the '740 patent, '075 patent, and the '248 patent are attached as Exhibits A, B, and C, respectively.

10. The patent resulted from the pioneering efforts of Mr. Edward Balassanian (hereinafter "the Inventor") in the area of server architecture. These efforts resulted in the development of a method and apparatus for a server architecture that allows client computers to request and execute applets in 1998. At the time of these pioneering efforts, the most widely implemented technology used to address the demand for more secure and efficient computer systems was to depend upon improvements in hardware performance to make up for the performance penalty that was typically incurred when a computer system was made more secure and stable. In that type of system, one of the solutions to the problem of a variety of computers interconnected via the Internet and corporate networks was the development of portable architecture neutral programming languages. The Inventor conceived of the inventions claimed in the patents as a way to provide a scalable distributed system architecture that provides a mechanism for client computers to request and execute applets in a safe manner without requiring the client machines to have local resources compile or verify the code that improved upon traditional implementations of architecture neutral languages that required every client perform its own verification and interpretation of intermediate code.

11. For example, as recited in claim 11 of the '740 patent the Inventor developed a method operating on a computer system, having a client computer and a server computer, for managing requests to the server computer, the method comprising:

>at the server computer, receiving a request from the client computer,
>
>the request identifying an application and identifying a form of the application; and in response to receiving the request:
>
>compiling the application into a compiled form;
>
>transforming the compiled application into a transformed form of the compiled form of the application,
>
>wherein transforming comprises execution and compression of the compiled form; and
>
>sending the transformed form of the application to the client computer.

12. For example, as recited in claim 1 of the '075 patent, the Inventor developed a method for delivering one or more applets to one or more client computers, comprising, in no particular order, the steps of:

>configuring an applet server manager at a server computer to manage at least one request from the one or more client computers for the one or more applets, the applet server manager having access to one or more networks;
>
>receiving the at least one request at the applet server manager;
>
>processing the one or more applets at the applet server manager, wherein processing the one or more applets includes at least one of the following steps:
>
>compressing the one or more applets before sending the one or more applets to the one or more client computers,
>
>optimizing the one or more applets before sending the one or more applets to the one or more client computers, and
>
>verifying the one or more applets before sending the one or more applets to one or more client computers; and
>
>sending the one or more applets from the applet server manager to the one or more client computers.

13. For example, as recited in claim 1 of the '248 patent, the Inventor developed a method operating on a computer system for managing requests to a server computer for applets in a client server environment wherein each request for an applet specifies one form of the applet out of a plurality forms of the applet, comprising:

>   a) receiving on said server computer a request from a client computer for an applet in a form selected from a plurality forms;
>
>   b) compiling said applet into said selected form from a local resource comprising at least one source module and one compiler which acts on said source module to produce said selected form; and
>
>   c) transmitting said applet in said selected form to said client computer.

**Advantage Over the Prior Art**

14. The patented invention disclosed in the patents, provides many advantages over the prior art, and in particular improved the operations of an applet server which accepts requests for applets from client computers. (*See* '740 patent at Abstract.) One advantage of the patented invention is a scalable distributed system architecture that provides a mechanism for client computers to request and execute applets in a safe manner without requiring the client machines to have local resources to compile or verify the code. (*See* '740 patent at 2:6–10.)

15. Another advantage of the patented invention is that compilation and byte-code verification are server based and thereby provide more efficient use of resources and a flexible mechanism for instituting enterprise-wide security policies. (*See* '740 patent at 2:20–24.)

16. Another advantage of the patented invention is that the server architecture also provides a cache for applets, allowing clients to receive applet code without having to access nodes outside the local network. (*See* '740 patent at 2:24–27.)

17. Yet another advantage of the patented invention is that it allows a single version of the source to be stored for many target platforms instead of having a different binary for each potential target computer. (*See* '740 patent at 2:38–41.)

18. Because of these significant advantages that can be achieved through the use of the patented invention, Implicit believes that the patents presents significant commercial value for companies like Capital One.

**Technological Innovation**

19. The patented invention disclosed in the patents resolves technical problems related to server architecture, particularly problems related to the interoperability of enterprise level systems on the Internet with architecture neutral programming languages that allowed programs downloaded from a server computer to a client computer to be interpreted and executed locally. As the patents explains, one of the limitations of the prior art as regards traditional implementations of architecture neutral languages is that while they provided tremendous cross platform support, these implementations of architecture neutral languages require that every client perform its own verification and interpretation of the intermediate code, resulting in high computation and memory requirements of the verifier. (*See* '740 patent at 1:51–59.)

20. The claims of the patents do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the patents recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to provide a scalable distributed system architecture that provides a mechanism for client computers to

request and execute applets in a safe manner without requiring the client machines to have local resources to compile or verify the code.

21. In addition, the claims of the patents recite inventive concepts that improve the functioning of corporate networks and interoperability amongst a variety of computers.

22. Moreover, the claims of the patents recite inventive concepts that are not merely routine or conventional use of computers. Instead, the patented invention disclosed in the patents provides a new and novel solution to specific problems related to improving system architecture in which applets may be cached in either intermediate architecture neutral from or machine specific form in order to increase overall system performance and efficiency.

23. And finally, the patented invention disclosed in the patents does not preempt all the ways that system architecture may be used to improve the applet servers that accept requests for applets from client computers, nor does the patents preempt any other well-known or prior art technology.

24. Accordingly, the claims in the patents recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,774,740**

25. The allegations set forth in the foregoing paragraphs 1 through 23 are incorporated into this First Claim for Relief.

26. On August 10, 2010, the '740 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Application Server."

27. Implicit LLC is the assignee and owner of the right, title and interest in and to the '740 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

28. Upon information and belief, Capital One has and continues to directly infringe one or more claims of the '740 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically its Capital One products implementing Node.js, which by way of example include the Capital One online platform: https://www.capitalone.com/ (the "Accused Instrumentalities").

29. Upon information and belief, the Accused Instrumentalities perform a method for operating on a computer system, having a client computer and a server computer, for managing requests to the server computer.  Exemplary infringement analysis showing infringement of claim 11 of the '740 patent is set forth in Exhibit D.

30. Implicit has been harmed by Capital One's infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,056,075**

31. The allegations set forth in the foregoing paragraphs 1 through 29 are incorporated into this Second Claim for Relief.

32. On November 8, 2011, the '075 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Server Request Management"

33. Implicit is the assignee and owner of the right, title and interest in and to the '075 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

34. Upon information and belief, Capital One has and continues to directly infringe one or more claims of the '075 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically its Capital One products implementing Node.js, which by way of example include the Capital One online platform: https://www.capitalone.com/ (the "Accused Instrumentalities").

35. Upon information and belief, the Accused Instrumentalities perform a method for delivering one or more applets to one or more client computers.  Exemplary infringement analysis showing infringement of claim 1 of the '075 patent is set forth in Exhibit E.

36. Implicit has been harmed by Capital One's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,976,248**

37. The allegations set forth in the foregoing paragraphs 1 through 35 are incorporated into this Third Claim for Relief.

38. On December 13, 2005, the '248 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Application Server Facilitating with Client's Computer for Applets Along with Various Formats".

39. Implicit is the assignee and owner of the right, title and interest in and to the '248 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

40. Upon information and belief, Capital One has and continues to directly infringe one or more claims of the '248 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically its Capital One products implementing Node.js, which by way of example include the Capital One online platform: https://www.capitalone.com/ (the "Accused Instrumentalities").

41. Upon information and belief, the Accused Instrumentalities perform a method operating on a computer system for managing requests to a server computer for applets in a client server environment wherein each request for an applet specifies one form of the applet out of a plurality forms of the applet.  Exemplary infringement analysis showing infringement of claim 1 of the '248 patent is set forth in Exhibit F.

42. Implicit has been harmed by Capital One's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Implicit demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Implicit demands judgment for itself and against Capital One as follows:

A. An adjudication that Capital One has infringed the '740 patent, the '075 patent, and the '248 patent;

B. An award of damages to be paid by Capital One adequate to compensate Implicit for Capital One's past infringement of the '740 patent, the '075 patent, and the '248 patent.

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Implicit's reasonable attorneys' fees; and

D. An award to Implicit of such further relief at law or in equity as the Court deems just and proper.

Dated: August 25, 2023                    DEVLIN LAW FIRM LLC

/s/ James M. Lennon
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff Implicit, LLC*