IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IMPLICIT, LLC,<br><br>                  Plaintiff,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>                  Defendant. | Civil Action No. 4:23-cv-770<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Capital One, National Association[1] ("Capital One"), by and through its undersigned attorneys, hereby responds to the Original Complaint for Patent Infringement (ECF No. 1) (the "Complaint") of Implicit, LLC ("Implicit" or "Plaintiff"), with the following Answer, Affirmative Defenses, and Counterclaims. Capital One answers and avers as follows with the numbered paragraphs corresponding to the like-numbered paragraphs of Implicit's Complaint. Any allegations not expressly admitted, denied, or explained, are denied, and Capital One specifically denies that Implicit is entitled to any relief whatsoever from Capital One.

---

[1] The complaint also identified Capital One Financial Corp, to which the Parties have stipulated to a dismissal. The Court granted that dismissal in Dkt. No. 17.

1

## NATURE OF THE ACTION[2]

1. Capital One admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies any such patent infringement as alleged by Implicit.

## THE PARTIES

2. Capital One is without sufficient knowledge or information to admit or deny the allegations of paragraph 2 of the Complaint and, therefore, denies them.

3. Capital One Financial Corp. has been dismissed from this case, rendering this paragraph moot.

4. Defendant Capital One, National Association admits it is a national association organized under the laws of the United States with a place of business at 7933 Preston Road, Plano, TX 75024 in this District. Defendant Capital One, National Association further admits that is sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, but otherwise denies the remaining allegations of paragraph 4.

## JURISDICTION AND VENUE

5. Capital One admits that the Complaint purports to state a claim for patent infringement under the Patent Laws of the United States, Title 35 of United States Code, but denies any such patent infringement as alleged by Implicit.

6. Capital One admits that this Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1338(a).

---

[2] Capital One includes the headings as Plaintiff included them in the Complaint. To the extent the headings contain any allegation to which a response is required, Capital One denies those allegations.

7.     Capital One admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b) for purposes of this case only.

8.     For purposes of this case only, Capital One does not contest personal jurisdiction. Capital One admits that it has transacted business in Texas and in this judicial district directly or through intermediaries, and admits that it has a regular and established place of business in this district located at 7933 Preston Road, Plano, TX 75024. Capital One otherwise denies the allegations of paragraph 8.

## BACKGROUND

### The Invention

9.     Capital One admits that Edward Balassanian appears as the named inventor of U.S. Patent Nos. 7,774,740 (the "'740 patent"), 8,056,075 (the "'075 patent"), and 6,976,248 (the "'248 patent") (collectively, the "Asserted Patents"). Capital Ones admits that Exhibits A, B, and C to the Complaint appear, on their face, to be a copies of the '740, '075, and '248 patents, respectively.

10.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 and, therefore, denies those allegations.

11.    Capital One admits that claim 11 of the '740 patent appears, on its face, to recite a method operating on a computer system, having a client computer and a server computer, for managing requests to the server computer, the method comprising:

>    at the server computer, receiving a request from the client computer,
>
>    the request identifying an application and identifying a form of the application; and in response to receiving the request:
>
>    compiling the application into a compiled form;
>
>    transforming the compiled application into a transformed form of the compiled form of the application,

> wherein transforming comprises execution and compression of the compiled form; and
>
> sending the transformed form of the application to the client computer.

Capital One lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11 and, therefore, denies those allegations.

12. Capital One admits that claim 1 of the '075 patent appears, on its face, to recite a method for delivering one or more applets to one or more client computers, comprising, in no particular order, the steps of:

> configuring an applet server manager at a server computer to manage at least one request from the one or more client computers for the one or more applets, the applet server manager having access to one or more networks;
>
> receiving the at least one request at the applet server manager;[3]
>
> processing the one or more applets at the applet server manager, wherein processing the one or more applets includes at least one of the following steps:
>
> compressing the one or more applets before sending the one or more applets to the one or more client computers,
>
> optimizing the one or more applets before sending the one or more applets to the one or more client computers, and
>
> verifying the one or more applets before sending the one or more applets to one or more client computers; and
>
> sending the one or more applets from the applet server manager to the one or more client computers.

---

[3] Capital One notes that claim 1 of the '075 patent recites additional limitations not reflected in the Complaint, specifically the steps of "passing the at least one request from the applet server manager to at least one of the one or more networks;" and "receiving the one or more applets at the applet server manager from the at least one of the one or more networks."

Capital One lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12 and, therefore, denies those allegations.

13. Capital One admits that claim 1 of the '248 patent appears, on its face, to recite a method operating on a computer system for managing requests to a server computer for applets in a client server environment wherein each request for an applet specifies one form of the applet out of a plurality forms of the applet, comprising:

> a) receiving on said server computer a request from a client computer for an applet in a form selected from a plurality forms;
>
> b) compiling said applet into said selected form from a local resource comprising at least one source module and one compiler which acts on said source module to produce said selected form; and
>
> c) transmitting said applet in said selected form to said client computer.

Capital One lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13 and, therefore, denies those allegations.

**Advantage Over the Prior Art**

14. Capital One admits that the '740 patent appears, on its face, to state "an applet server which accepts requests for applets from client computers." (*See* '740 patent at Abstract). Capital One further admits the that the '740 patent states "a need for a scalable distributed system architecture that provides a mechanism for client computers to request and execute applets in a safe manner without requiring the client machines to have local resources to compile or verify the code." (*See id.* at 2:6-10). Capital One otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14 and, therefore, denies those allegations.

15. Capital One admits that the '740 patent appears, on its face, to state that "compilation and byte-code verification . . . are server based and thereby provide more efficient use of resources and a flexible mechanism for instituting enterprise-wide security policies." (*See id.* at 2:20-24). Capital One otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15 and, therefore, denies those allegations.

16. Capital One admits that the Asserted Patents appear, on their face, to state a server architecture that "provides a cache for applets, allowing clients to receive applet code without having to access nodes outside the local network." (*See id.* at 2:24-27). Capital One otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16 and, therefore, denies those allegations.

17. Capital One admits that the '740 patent appears, on its face, to state a "single version of the source to be stored for many target platforms instead of having a different binary for each potential target computer." (*See id.* at 2:38-41). Capital One otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17 and, therefore, denies those allegations.

18. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 and, therefore, denies those allegations.

**Technological Innovation**

19. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 and, therefore, denies those allegations.

20. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 and, therefore, denies those allegations.

21. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 and, therefore, denies those allegations.

22. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 and, therefore, denies those allegations.

23. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 and, therefore, denies those allegations.

24. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 and, therefore, denies those allegations.

## COUNT I
### (Infringement of U.S. Patent No. 7,774,740)

25. Capital One incorporates by reference its responses to allegations contained in paragraphs 1 through 24 of its Answer to the Complaint as though fully set forth herein. To the extent any allegations remain, Capital One denies those allegations.

26. Capital One admits that Exhibit A to the Complaint appears, on its face, to be a copy of U.S. Patent No. 7,774,740 (the "'740 patent"), entitled "Application Server," which lists the date of issuance as August 10, 2010. Capital One denies that the '740 patent was duly issued.

27. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27 and, therefore, denies those allegations.

28. Capital One denies the allegations set out in paragraph 28.

29. Capital One denies the allegations set out in paragraph 29.

30. Capital One denies the allegations set out in paragraph 30.

## COUNT II
### (Infringement of U.S. Patent No. 8,056,075)

31. Capital One incorporates by reference its responses to allegations contained in paragraphs 1 through 30 of its Answer to the Complaint as though fully set forth herein. To the extent any allegations remain, Capital One denies those allegations.

32. Capital One admits that Exhibit B to the Complaint appears, on its face, to be a copy of U.S. Patent No. 8,056,075 (the "'075 patent"), entitled "Server Request Management," which lists the date of issuance as November 8, 2011. Capital One denies that the '075 patent was duly issued.

33. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 and, therefore, denies those allegations.

34. Capital One denies the allegations set out in paragraph 34.

35. Capital One denies the allegations set out in paragraph 35.

36. Capital One denies the allegations set out in paragraph 36.

### COUNT III
### (Infringement of U.S. Patent No. 6,976,248)

37. Capital One incorporates by reference its responses to allegations contained in paragraphs 1 through 36 of its Answer to the Complaint as though fully set forth herein. To the extent any allegations remain, Capital One denies those allegations.

38. Capital One admits that Exhibit C to the Complaint appears, on its face, to be a copy of U.S. Patent No. 6,976,248 (the "'248 patent"), entitled "Application Server Facilitating With Client's Computer For Applets Along With Various Formats," which lists the date of issuance as December 13, 2005. Capital One denies that the '248 patent was duly issued.

39. Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 and, therefore, denies those allegations.

40. Capital One denies the allegations set out in paragraph 40.

41. Capital One denies the allegations set out in paragraph 41.

42. Capital One denies the allegations set out in paragraph 42.

## JURY DEMAND

Implicit's demand for trial by jury is a legal statement that Capital One can neither admit nor deny.

## PRAYER FOR RELIEF

The allegations that form part of Implicit's Prayer for Relief do not require Capital One to specifically admit or deny such allegations. However, to the extent a response is required and/or proper, Capital One denies that Implicit is entitled to any of the relief set out in its Prayer for Relief.

## DEFENDANT'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8, Fed. R. Civ. P. 8, without assuming any burden that it would not otherwise bear, without reducing or removing Implicit's burdens of proof on its affirmative claims against Capital One, reserving Capital One's right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Capital One hereby asserts the following defenses to the Complaint.

## FIRST DEFENSE

Implicit's infringement claims are barred, in whole or in part, to the extent they have been exhausted and/or released by licenses or releases, implied or express, granted to other parties.

## SECOND DEFENSE

Capital One has not infringed (either individually or jointly), willfully or otherwise, directly or indirectly, contributed to the infringement of, or induced the infringement of any valid claim of the '740, '075, and '248 patents (collectively, the "Asserted Patents"), literally or under the doctrine of equivalents.

9

## THIRD DEFENSE

At least claim 11 of the '740 patent; claim 1 of the '075 patent; and claim 1 of the '248 patent are invalid because they are anticipated and/or rendered obvious by prior art references, or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one of more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

To the extent that Implicit or its licensees have failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Capital One's actions allegedly infringe any of the Asserted Patents, Capital One is not liable to Implicit for the acts alleged to have been performed before Capital One received actual notice that Capital One was alleged to have infringed any of the Asserted Patents.

## FIFTH DEFENSE

Implicit is not entitled to injunctive relief against Capital One because any alleged injury to Implicit as a result of Capital One's alleged activities is not immediate or irreparable, and Implicit has an adequate remedy at law.

## SIXTH DEFENSE

To the extent Implicit seeks damages for alleged infringement more than six years before the filing of the present litigation, Implicit's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

## SEVENTH DEFENSE

Capital One has engaged in all relevant activities in good faith, thereby precluding Implicit, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## EIGHTH DEFENSE

By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the Asserted Patents, these patents are so limited that none of their claims can be properly construed as covering any activity of Capital One.

## NINTH DEFENSE

Implicit's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, implied license, waiver, acquiescence, prosecution history estoppel, disclaimer, and/or other equitable doctrines.

## OTHER DEFENSES RESERVED

Capital One reserves all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 8(c), and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

Capital One, National Association ("Capital One") hereby asserts the following counterclaims against Implicit, LLC ("Implicit").

## PARTIES

1. Capital One, National Association is a national association organized under the laws of the United States with a place of business at 7933 Preston Road, Plano, TX 75024.

2. As alleged by Plaintiff in paragraph 2 of the Complaint, Implicit, LLC is a limited liability company organized under the laws of the State of Washington with a place of business at 101 E. Park Blvd., Suite 600, Plano, TX 75074.

## JURISDICTION AND VENUE

3.  By these Counterclaims, Capital One seeks declarations of non-infringement with respect to U.S. Patent Nos. 7,774,740 (the "'740 patent"), 8,056,075 (the "'075 patent") and 6,976,248 (the "'248 patent") (collectively, the "Asserted Patents").

4.  Jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; as the counterclaims arise under the Patent Code, 35 U.S.C. § 1 *et seq.*, this Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over Implicit because Implicit has consented to jurisdiction by having filed its Complaint in this District.

6.  Implicit has consented to venue in this jurisdiction through filing of the Complaint. To the extent venue is proper for Implicit's lawsuit, venue is proper for these Counterclaims.

**GENERAL ALLEGATIONS**

7.  On August 25, 2023, Implicit filed suit against Capital One asserting infringement of the Asserted Patents.

8.  Capital One denies that it infringes, contributes to the infringement, or actively induces others to infringe any claims of the Asserted Patents.

**FIRST COUNTERCLAIM**
**(Declaration of Non-Infringement of U.S. Patent No. 7,774,740)**

9.  Capital One hereby restates and re-avers its allegations set forth in Counterclaim paragraphs 1 through 8 above and incorporates them by reference as though fully set forth herein.

10. Implicit has alleged in paragraphs 25 through 30 of the Complaint that Capital One has infringed the '740 patent, giving rise to a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

11. A judicial declaration is necessary and appropriate so that Capital One may ascertain its rights regarding its products and the '740 patent.

12.     Capital One has not infringed, either directly, contributorily, or by inducement, any claim of the '740 patent, either literally or under the doctrine of equivalents.

13.     Capital One seeks, and is entitled to, a declaration from this Court that Capital One does not make, use, sell, or offer for sale, and has not made, used, sold, or offered for sale, any products or methods that infringe, either directly or indirectly, any valid and enforceable claim of the '740 patent under 35 U.S.C. § 271.

## SECOND COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 8,056,075)

14.     Capital One hereby restates and re-avers its allegations set forth in Counterclaim paragraphs 1 through 13 above and incorporates them by reference as though fully set forth herein.

15.     Implicit has alleged in paragraphs 31 through 36 of the Complaint that Capital Ones has infringed the '075 patent, giving rise to a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

16.     A judicial declaration is necessary and appropriate so that Capital One may ascertain its rights regarding its products and the '075 patent.

17.     Capital One has not infringed, either directly, contributorily, or by inducement, any claim of the '075 patent, either literally or under the doctrine of equivalents.

18.     Capital One seeks, and is entitled to, a declaration from this Court that Capital One does not make, use, sell, or offer for sale, and has not made, used, sold, or offered for sale, any products or methods that infringe, either directly or indirectly, any valid and enforceable claim of the '075 patent under 35 U.S.C. § 271.

## THIRD COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 6,976,248)

19. Capital One hereby restates and re-avers its allegations set forth in Counterclaim paragraphs 1 through 18 above and incorporates them by reference as though fully set forth herein.

20. Implicit has alleged in paragraphs 37 through 42 of the Complaint that Capital One has infringed the '248 patent, giving rise to a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

21. A judicial declaration is necessary and appropriate so that Capital One may ascertain its rights regarding its products and the '248 patent.

22. Capital One has not infringed, either directly, contributorily, or by inducement, any claim of the '248 patent, either literally or under the doctrine of equivalents.

23. Capital One seeks, and is entitled to, a declaration from this Court that Capital One does not make, use, sell, or offer for sale, and has not made, used, sold, or offered for sale, any products or methods that infringe, either directly or indirectly, any valid and enforceable claim of the '248 patent under 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Capital One respectfully requests that this Court:

A. Dismiss all counts of Implicit's Complaint against Capital One for patent infringement with prejudice and award Implicit nothing by way of its Complaint;

B. Declare that Capital One has not infringed, either directly or indirectly, any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents;

C. Declare this case to be exceptional under 35 U.S.C. § 285 and enter a judgment awarding Capital One its costs, reasonable attorneys' fees, and expert witness fees in this action; and

D. Award Capital One such further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 38, Capital One requests a trial by jury on all issues triable by a jury.

Dated:  January 26, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa Smith (Texas Bar No. 24001351)
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Tel:  +1 903 934 8450
Fax:  +1 903 934 9257
Melissa@gillamsmithlaw.com

Devon C. Beane (*admitted phv*)
Jonah B. Heemstra (*phv forthcoming*)
**K&L GATES LLP**
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel:  +1 312 807 4436
Fax:  +1 312 827 8000
Devon.Beane@klgates.com
Jonah.Heemstra@klgates.com

Erik J. Halverson (*admitted phv*)
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel:  +1 415 882 8238
Erik.Halverson@klgates.com

Caroline M. Vermillion (*phv forthcoming*)
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Tel:  +1 212 536 3987
Fax:  +1 212 536 3901
Caroline.Vermillion@klgates.com

*Attorneys for Defendants and Counterclaimants Capital One, National Association*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on January 26, 2024, to all counsel of record, via the Court's CM/ECF system.

>   */s/ Melissa R. Smith*
>   Melissa Smith