# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IMPLICIT, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> CAPITAL ONE, NATIONAL ASSOCIATION, <br><br> *Defendant.* | Civil Action No. 4:23-cv-770-SDJ <br><br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF IMPLICIT, LLC'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Dated:  May 22, 2024

DEVLIN LAW FIRM LLC

*/s/ James M. Lennon*
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
Christopher Clayton
cclayton@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE  19801
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Implicit, LLC*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT .................................................................................................................. 2

   A. No IPR Has Been Instituted and Simplification of Any Issues for Trial Is Entirely Speculative ............................................................................................................... 2

   B. Implicit Would Be Unfairly Prejudiced by a Stay ................................................. 4

   C. The Stage of the Case Weighs Against a Stay ....................................................... 5

IV. CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co. Ltd.*,
  No. 6:14-cv-759,
  2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ........................................................................ 2

*Datatreasury Corp. v. Wells Fargo & Co.*,
  490 F. Supp. 2d 749 (E.D. Tex. 2006) .................................................................................... 2

*Greenthread, LLC v. Samsung Electronics Co., Ltd.*,
  No. 2:19-cv-00147, Dkt. No. 43 (E.D. Tex. Feb. 4, 2020) ................................................... 1, 3

*Oyster Optics, LLC v. Infinera Corp.*,
  No. 2:19-cv-00257-JRG, Dkt. No. 62 (E.D. Tex. Feb. 4, 2020) .............................................. 3

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
  No. 2:18-cv-030390,
  2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ........................................................................ 5

*Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
  No. 2:19-cv-00225-JRG, Dkt. No. 54 (E.D. Tex. Feb. 4, 2020) .............................................. 3

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-cv-463-RWS-JDL,
  2016 WL 3277259 (E.D. Tex. June 14, 2016) ........................................................................ 2

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
  No. 2:19-cv-00152-JRG, Dkt. No. 69 (E.D. Tex. Feb. 4, 2020) .............................................. 3

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) .................................................................................... 2

*Trover Grp., Inc. v. Dedicated Micros USA*,
  No. 2:13-cv-1047-WCB,
  2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ............................................................ 1, 2, 3, 4

*Uniloc LLC v. Samsung Elecs. Am., Inc.*,
  No. 2:19-cv-00125-JRG, Dkt. No. 34 (E.D. Tex. Feb. 4, 2020) .............................................. 3

**Statutes**

35 U.S.C. § 316 ................................................................................................................................ 4

## I.     INTRODUCTION

On May 9, 2024, Defendant Capital One, National Association ("Capital One" or "Defendant") filed its Motion to Stay Pending *Inter Partes* Review ("Motion to Stay").  (Dkt. No. 25.)  Plaintiff Implicit, LLC ("Implicit" or "Plaintiff") hereby files this brief in opposition to that motion, which should be denied.

This Court has stated that it is its "established practice to consider that motions to stay pending IPR proceedings that have not been instituted are inherently premature and should be denied as such."  *See Greenthread, LLC v. Samsung Electronics Co., Ltd.*, No. 2:19-cv-00147, Dkt. No. 43 at 1 (E.D. Tex. Feb. 4, 2020); *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179 at *6 (E.D. Tex. Mar. 11, 2015) (finding that it is "not just the majority rule; it is the universal practice" of this District to deny stay motions filed before an institution decision is made on an underlying IPR).  Capital One is asking this Court to ignore this "established" and "universal" practice, and is seeking a stay despite the compelling weight of the relevant three factors to the contrary.

In this case, nine months have passed since Implicit filed its complaint against Capital One for infringement of its U.S. Patent Nos. 7,774,740 ("the '740 patent"), 8,056,075 ("the '075 patent"), and 6,976,248 ("the '248 patent") (collectively, "the patents in suit").  During that time, the Court issued a scheduling order setting a Claim Construction hearing in September of this year and a Final Pretrial Conference in June of next year, (Dkt. No. 24 at 2, 5), and discovery is proceeding apace with Implicit serving Capital One with its initial infringement contentions.  Yet, Capital One now seeks to bring this case to a halt through its Motion to Stay, in favor of its petitions for *inter partes* review ("IPR") of the patents in suit (IPR2024–00643, IPR2024–00787, IPR2024–00878, "Capital One's IPRs") even though not a single one has been instituted.

## II. LEGAL STANDARD

While granting or denying a stay is within the sound discretion of the Court, "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-463-RWS-JDL, 2016 WL 3277259 at *1 (E.D. Tex. June 14, 2016) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). Rather, a stay pending an administrative proceeding (like the requested IPR here) is not automatic. Instead, it must be based on the circumstances and facts of the given case under review by the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006).

Courts typically consider three factors in determining whether or not to grant a requested stay: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) the stage of the litigation including whether discovery is complete and whether a trial date has been set. *See Realtime Data*, 2016 WL 3277259 at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). Moreover, Capital One has the burden of demonstrating that a stay is appropriate under these factors. *See, e.g., Cellular Commc'ns Equip. LLC v. Samsung Elecs. Co. Ltd.*, No. 6:14-cv-759, 2015 WL 11143485 at *2 (E.D. Tex. Dec. 16, 2015).

## III. ARGUMENT

### A. No IPR Has Been Instituted and Simplification of Any Issues for Trial Is Entirely Speculative

"This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have **uniformly denied motions to stay**." *Trover Grp.*, No. 2:13-cv-1047-WCB at *6.[1] This Court has thus developed

---

[1] Unless otherwise indicated, emphasis in this Brief has been added.

2

an "established practice" of denying motions to stay pending an IPR, where the PTAB has not yet issued a decision on IPR institution. *See Greenthread*, No. 2:19-cv-00147, Dkt. No. 43 at 1. This makes sense because, as also noted in *Greenthread*, "if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *See Greenthread*, No. 2:19-cv-00147, Dkt. No. 43 at 2; *see also Trover Grp.*, 2015 WL 1069179 at *4 ("this Court regards the most important factor in determining whether to stay litigation pending inter partes review to be whether the PTAB has acted on the defendants' petition for review"); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:19-cv-00152-JRG, Dkt. No. 69 at 1 (E.D. Tex. Feb. 4, 2020); *Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-cv-00225-JRG, Dkt. No. 54 at 1 (E.D. Tex. Feb. 4, 2020); *Oyster Optics, LLC v. Infinera Corp.*, No. 2:19-cv-00257-JRG, Dkt. No. 62 at 1 (E.D. Tex. Feb. 4, 2020); *Uniloc LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00125-JRG, Dkt. No. 34 at 1 (E.D. Tex. Feb. 4, 2020).

Here, the PTAB has not yet made an institution decision on any of the IPRs. As such, Capital One's argument that the IPRs will simplify issues for trial is speculative. This alone warrants denial of Capital One's Motion to Stay.

Capital One cites various statistics about PTAB institution and invalidation rates as supposed support for its argument that the IPRs will simplify issues here for trial. (*See* Motion to Stay at 8–9, Ex. D.) These sorts of statistics are frequently cited by patent infringement defendants moving for stays pending an IPR petition. In considering such statistics-based arguments for a stay in this District, they have been dismissed, noting that:

> overall statistics for the number of [IPR] petitions that are reviewed and the number of claims that are invalidated are not especially enlightening as to the likely disposition of any particular patents or claims [in an IPR], since the likelihood of invalidation depends entirely on the particulars of the patents and claims in dispute, [so] . . . it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute inter partes review in this case and invalidate some or all of the claims . . . .

3

*Trover Grp.*, 2015 WL 1069179 at *4.

Likewise, here, Capital One's statistics cited in its Motion to Stay "are not especially enlightening" as to the likely disposition by the PTAB of Capital One's IPRs.  Therefore, it is purely "speculative" to extrapolate from those statistics and conclude that it is likely that the PTAB will even institute Capital One's IPRs.  Simply put, the generic statistics cited by Capital One do not justify a stay.

For all of the above reasons, the prematurity of Capital One's motion (relative to the status of its petitions), standing alone, warrants denial of Capital One's requested stay.

**B.     Implicit Would Be Unfairly Prejudiced by a Stay**

Capital One has a strong interest in the timely enforcement of its patent rights and would be unfairly prejudiced by a stay of this case.  An examination of the relative timelines of this litigation and the PTAB's likely handling of Capital One's IPRs demonstrates and underscores that prejudice to Implicit if the stay were granted.

For example, IPR2024–00878 concerning the '740 patent was filed on May 2, 2024 and has not even been accorded a filing date.  IPR2024–00787 concerning the '248 patent was accorded a filing date on April 23, 2024.  IPR2024–00643 concerning the '075 patent was accorded a filing date on March 27, 2024.  The practical implication of these filing dates—and the lack thereof in the case of IPR2024–00878—is that there is a significant amount of time between now and when the parties will likely receive institution decisions from the PTAB.  The earliest possible institution decision cited by Capital One is September 2024.  (Motion to Stay at 2.)  Even if IPR proceedings are instituted concerning the '075 patent in September, a Final Written Decision will likely not issue until September 2025 at best.  *See* 35 U.S.C. § 316(a)(11) ("requiring that the final determination in an inter partes review be issued not later than 1 year after the date on which the Director notices the institution of a review").

4

On the other hand, the Court's Final Pretrial Conference date for this case is set for June 18, 2025. This is months before the PTAB's Final Written Decision of even the earliest filed IPR, if even instituted. Where, as here, the Court's trial schedule is so far ahead of a potential IPR schedule, this "suggests that the prejudice factor should weigh against a stay." *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-030390, 2019 WL 3826051 at *4 (E.D. Tex. Aug. 14, 2019) (finding a suggestion of prejudice in a requested stay where "a final determination for the [challenged] Patent would not be made until [seven] months after the currently scheduled jury selection date"). Implicit should not have to suffer the prejudice of waiting to enforce its patent rights while the PTAB decides whether even to institute the IPRs or, if such institution occurs, missing its trial date to wait for the PTAB to take many months longer to reach its Final Written Decisions on validity than the jury would have at trial on both validity and infringement, on patents presumptively valid.

### C.     The Stage of the Case Weighs Against a Stay

The stage of this litigation also weighs against a stay in this case. Capital One's arguments to the contrary place form over substance and ignores the facts as to what has occurred thus far in this litigation.

According to Capital One, "[a]lmost no work has occurred," in this case. (Motion to Stay at 6.) Such a characterization does not accurately describe the stage of this case and completely ignores that this Court entered a Scheduling Order consisting of deadlines agreed to by the parties. Implicit's infringement contentions were served within approximately 24-hours of the Scheduling Order issuance. Capital One served its invalidity contentions on May 8, 2024. The claim construction process between the parties is underway. This litigation is not one where almost no work has occurred. Indeed, much already has occurred in this case and much more will over the coming months, before the PTAB will even decide whether to institute Capital

5

One's IPRs.  There is no basis to stop all of this progress for the speculative proposition that *maybe* the PTAB will institute Capital One's IPRs and, if institution occurs, then *maybe* the PTAB will eventually issue Final Written Decisions invalidating some claims of the patents in suit *well after* the Final Pretrial Conference.  Implicit should not be prejudiced by having this case stayed, thereby delaying resolution of its infringement claims.

This factor also weighs against granting Defendant's Motion to Stay.

IV.   **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion to Stay should be denied.

Dated:  May 22, 2024                                  DEVLIN LAW FIRM LLC

*/s/James M. Lennon*
James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
Christopher Clayton
cclayton@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE  19801
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Implicit, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ James M. Lennon*
James M. Lennon

6